```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
                                              :
RAJIV JAIN,                                   :
                                              :
                  Plaintiff,                  :
                                              :           16cv8104
         -against-                            :
                                              :           MEMORANDUM & ORDER
TOKIO MARINE MANAGEMENT INC.,                 :
                                              :
                  Defendant.                  :
                                              :
------------------------------------------------
```

WILLIAM H. PAULEY III, Senior United States District Judge:

        Tokio Marine Management Inc. ("Tokio Marine") moves for reconsideration of this Court's September 27, 2018 Opinion & Order (the "September Order") denying in part its motion for summary judgment in this Title VII and New York City Human Rights Law ("NYCHRL") action. For the following reasons, Tokio Marine's motion for reconsideration is denied.

## BACKGROUND

        This Court assumes familiarity with the facts and refers only to those necessary to explain its decision. In 2013, Tokio Marine, a commercial property and casualty insurer, hired Jain as a Senior Underwriter in its New York office. The crux of this dispute began when Jason Taylor took over as Jain's boss and the interim Head of Property ("HOP") of Tokio Marine's New York office. Taylor and Jain experienced difficulties working together, culminating in Jain's termination in November 2014. At that time, Taylor, together with the Global HOP and a human resources representative, met with Jain and terminated him. Jain claims that Taylor told him that Tokio Marine's reasoning was that Jain was not the "right cultural fit."

In the September Order, this Court denied Tokio Marine's motion for summary judgment with respect to Jain's discriminatory-failure-to-promote and termination claims under both Title VII and the NYCHRL. Jain v. Tokio Marine Mgmt. Inc., 2018 WL 4636842, at *10 (S.D.N.Y. Sept. 27, 2018). In doing so, this Court applied the standard set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

With respect to the discriminatory-failure-to-promote claim, this Court found that Jain established a prima facie case and that Tokio Marine set forth a non-discriminatory motive for not promoting Jain. Accordingly, this Court weighed whether there were genuine disputes of material fact that the non-discriminatory motive was pretextual. This Court held there were. Specifically, this Court concluded that Tokio Marine's reliance on Byrnie v. Town of Cromwell, Board of Education was misguided. Tokio Marine argued that, "[w]hen a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, . . . the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Byrnie, 243 F.3d 93, 103 (2d Cir. 2001) (quotation marks omitted). But this Court explained that the Byrnie standard does not apply where "a case [is] about more than mere 'discrepancy in qualifications.'" Abrams v. Dep't of Pub. Safety, 764 F.3d 244, 253–54 (2d Cir. 2014); Walsh v. N.Y.C. Hous. Auth., 828 F.3d 70, 78 (2d Cir. 2016) (same).

In reviewing Abrams and denying Tokio Marine's motion, this Court relied on the Second Circuit's holding that:

> the phrasing "better fit" or "fitting in" just might have been about race; and when construing the facts in a light most favorable to the non-moving party, those phrases, even when isolated, could be enough to create a reasonable question of

2

> fact for a jury. It is enough of an ambiguity to create a reasonable question of fact.

Abrams, 764 F.3d at 253 (emphasis added).

With respect to the discriminatory termination claim, this Court found that the "cultural fit" comment, coupled with Jain's change in treatment upon Taylor's arrival, created material issues of fact precluding summary judgment.

## DISCUSSION

I. Legal Standard

A motion for reconsideration under Local Civil Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). It "is not an opportunity to obtain a second bite at the apple." Hosokawa v. Screen Actors Guild-Am., Fed'n of Television & Radio, Artists, 2017 WL 5508454, at *1 (S.D.N.Y. Mar. 20, 2017) (quotation marks omitted); accord Analytical Survey, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). Indeed, "Rule 6.3 is intended to ensure the finality of decisions and to prevent the practice of a losing party examining a decision then plugging the gaps of a lost motion with additional matters." Ret. Bd. of Policemen's Annuity & Ben. Fund of Chi. v. Bank of N.Y. Mellon, 2013 WL 593766, at *2 (S.D.N.Y. Feb. 14, 2013) (quotation marks omitted). "Stated differently, a motion for reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018). The reconsideration standard is strict, and the decision is ultimately within the sound discretion of

this Court.  See Robbins v. H.H. Brown Shoe Co., 2009 WL 2496024, at *1 (S.D.N.Y. July 22, 2009).

"[S]ummary judgment is proper only when, if all permissible inferences and credibility questions are resolved in favor of the party against whom judgment is sought, there can be but one reasonable conclusion as to the verdict, i.e., it is quite clear what the truth is." Rogoz v. City of Hartford, 796 F.3d 236, 246 (2d Cir. 2015); see also Fed. R. Civ. P. 56(a). Indeed, this Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)); Upadhyay v. Sethi, 848 F. Supp. 2d 439, 446 (S.D.N.Y. 2012) (denying summary judgment where court would have needed to weigh the credibility of dueling affidavits).

II. Discriminatory Failure to Promote

Tokio Marine primarily argues that this Court misapplied Abrams because Taylor's "cultural fit" comment was "facially neutral" and because the Abrams court relied on more than just that type of comment.  In addition, Tokio Marine argues that this Court overlooked Cameron v. Community Aid for Retarded Children, Inc., 335 F.3d 60 (2d Cir. 2003).

Tokio Marine's arguments attempt to take a second bite at the apple.  Abrams clearly states that "cultural fit" phrases, "even when isolated, could be enough to create a reasonable question of fact for a jury."  Abrams, 764 F.3d at 253.  Taking the Second Circuit's guidance, this Court found that the cultural fit language—especially when used to describe the reasons why Tokio Marine did not promote Jain—was enough to warrant a jury trial.

4

In addition, Cameron is inapposite. There, the Second Circuit held that the plaintiff's evidence that her boss became "uptight" and changed the subject when her mental condition came up was insufficient to create a dispute of material fact. Cameron, 335 F.3d at 65. In doing so, the Second Circuit found that "[c]hoosing one explanation over another without more evidence is a matter of speculation." Cameron, 335 F.3d at 65. Tokio Marine hinges its argument on that language. But Abrams is more analogous to Jain's case than Cameron. Abrams, a 2014 decision, examined nearly identical language, which the Second Circuit concluded could be enough to create a material issue of fact. Conversely, Cameron, a 2003 decision, involved a plaintiff who claimed her supervisor's body language was evidence of discrimination under the Americans with Disabilities Act. In contrast, Jain claims that his supervisor told him that he was not being promoted because he was not the right "cultural fit." Simply put, Cameron cannot "reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

Tokio Marine also cites a slew of decisions it claims show that "cultural fit" language is facially neutral and inactionable on its own. But only one of them is binding on this Court, and all are inapposite. For instance, Tokio Marine's reliance on de la Cruz v. New York City Human Resources Administration Department of Social Services is misplaced. There, the Second Circuit held that remarks such as "your problem is cultural" and that a Latino supervisor would "understand you better" were not enough to demonstrate pretext because those statements supported defendants' claim that the plaintiff could not overcome a language barrier and "communicate effectively in English." 82 F.3d 16, 22–23 (2d Cir. 1996). That is not the case here.

None of the other decisions Tokio Marine cites—which are not binding on this Court and some of which involve different types of claims—require this Court to stray from Abrams. See Johnson v. N.Y.C. Dep't of Educ., 633 F. App'x 42, 43 (2d Cir. 2016) (summary order) (explaining that a stray comment by employer that plaintiff did not "fit in" in an otherwise good working relationship was not pretextual); Dorfman v. Doar Comm'cns, Inc., 314 F. App'x 389, 390–91 (2d Cir. 2009) (summary order) (holding that a "fit the culture" comment did not suggest discrimination in an age—not racial—discrimination case); Weir v. Montefiore Med. Ctr., 2018 WL 1033238, at *6 (S.D.N.Y. Feb. 22, 2018) (employee on the job for only three months was not kept on after his probationary period and told he "did not fit in" and that his "co-workers did not trust him" because of the low quality of his work and use of his lab space); Dorcely v. Wyandanch Union Free Sch. Dist., 665 F. Supp. 2d 178, 197 (E.D.N.Y. 2009) (explaining that a "fit into the culture comment" was not enough to show pretext because "there is no indication that [plaintiff] interpreted [the] 'fit into the culture comment' as being predicated on his ethnic origin or gender" and because defendant testified that he meant the culture of controlled behavior and respecting authority); Beshty v. Gen. Motors, 327 F. Supp. 2d 208, 214–15 (W.D.N.Y. 2004) (holding that a comment that plaintiff had difficulty adjusting to the GM culture was not pretextual where the context of the statement demonstrated that "culture" related to plaintiff's leadership and management abilities); Casanova v. Gen. Mills Rests., Inc., 1997 WL 473840, at *1 (E.D.N.Y. Aug. 15, 1997) (holding there was no discrimination where employer stated that employee did not "fit into the Red Lobster family" and three other non-Latino employees were terminated for conduct similar to Latino plaintiff's); Kazin v. Metro–North Commuter R.R., 1994 WL 68167, at *5 (S.D.N.Y., Mar. 1, 1994) (statement that Jewish

plaintiff "did not fit the corporate culture" did not suggest discrimination, because it "ma[d]e no reference at all to Judaism" (emphasis added)).

Ultimately, Tokio Marine impermissibly attempts to "treat th[is] [C]ourt's initial decision as the opening of a dialogue." McGraw-Hill, 293 F. Supp. 3d at 397. Indeed, many of the cases cited in Tokio Marine's motion for reconsideration were not "put before [this Court] on the underlying motion." Benjamin v. Goord, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) (quoting Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000)).

In the September Order, this Court noted its qualms with Jain's claims. But given the Second Circuit's language in Abrams, the fact that "a court must resolve all ambiguities and draw all reasonable inferences against the moving party" on a motion for summary judgment, Flanigan v. Gen. Elec. Co., 242 F.3d 78, 83 (2d Cir. 2001), and that the Second Circuit "has repeatedly emphasized the need for caution about granting summary judgment to an employer in a discrimination case where, as here, the merits turn on a dispute as to the employer's intent," Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010) (quotation marks omitted), this Court declined to grant summary judgment. Nothing Tokio Marine offers here affects that analysis.

III. Discriminatory Termination

Tokio Marine's primary argument with respect to Jain's discriminatory termination claim is that the "cultural fit" comment should not be taken into account, and that solely a change in treatment by an employer over time is insufficient to show pretext. But because this Court holds that the "cultural fit" comment can be considered, a change in treatment is not the only evidence relied on. Accordingly, Tokio Marine's motion with respect to this claim is denied.

7

IV. NYCHRL Claims

Since this Court does not revisit its prior holdings with respect to Jain's Title VII discrimination claims, his NYCHRL discrimination claims remain intact. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir. 2013) ("[T]o the extent that the defendant has failed to show it is entitled to summary judgment under McDonnell Douglas, it would not be entitled to summary judgment under the more expansive standard of the NYCHRL.").

CONCLUSION

For the foregoing reasons, Tokio Marine's motion for reconsideration is denied. The parties are directed to appear for a status conference on January 18, 2019 at 4:30 p.m. The Clerk of Court is directed to terminate the motion pending at ECF No. 59.

Dated: January 4, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.